UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| MARCUS INGRAM, Individually, | : : : |
| Plaintiff, | : : |
| | : Case No. 5:24-cv-181 |
| v. | : : |
| BENNETTS REEF INC. A Domestic Company | : : : |
| Defendant. | : : |
| _____/ | |

**COMPLAINT**

Plaintiff, Marcus Ingram, individually, (hereinafter referred to as "Plaintiff") on his behalf hereby sues the Defendant, Bennetts Reef Inc., a domestic Company (hereinafter "Defendant"), for Injunctive Relief, for attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and for damages pursuant to the Florida Civil Rights Act of 1992, Sect 760.01-760.11, Fla. Stat.

**I.
JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

   b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

1

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and

   d. 28 U.S.C. §1367(a), which gives this Court has supplemental jurisdiction over Plaintiff's State claim as violations of the Florida Civil Rights Act and violation of Florida state law as both causes of action arise from the same facts and circumstances that give rise to Plaintiff's ADA claim

2. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) and § 1391(c). Defendant does business in the State of Florida, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## II.
## PARTIES

3. Plaintiff realleges paragraphs one (1) through two (2) of this Complaint and incorporates them here as if set forth in full.

4. Plaintiff Marcus Ingram is a resident of Atlanta, Georgia, is confined to a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5. Plaintiff Marcus Ingram is substantially limited in performing one or more major life activities, including but not limited to, walking and standing. is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

6. Bennetts Reef Inc owns and operates the Sharky's restaurant located at 15201Front Beach Road, Panama City Beach, FL.

7. Defendant owns, leases, leases to, or operates Sharky's restaurant and is responsible for complying with the obligations of the ADA.

### III.
### COUNT I
### VIOLATIONS OF TITLE III OF THE ADA

8. Plaintiff realleges paragraphs one (1) through seven (7) of this Complaint and incorporates them here as if set forth in full.

9. Plaintiff has family that reside in close proximity to the property and frequently returns to the area for certain family events and to visit with his family.

10. Plaintiff has visited the property which forms the basis of this lawsuit in December 2023, has been back to the property since then, and has plans to return on a regular basis to avail himself of the goods and services offered to the public at the property.

11. Plaintiff has intentions to return to the area in September 2024.

12. There are numerous architectural barriers present at Sharky's restaurant that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of Sharky's restaurant are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A (the "Standards").

13. Elements and spaces to which there are barriers to access at Sharky's restaurant include, but are not necessarily limited to:

    a. There are access aisles that lead to curbs to that a disabled individual in a wheelchair cannot utilize.

    b. There is a lack of a designated accessible route from the designated accessible parking to the entrance.

3

  c. There is no lowered section of the bar for a disabled individual in a wheelchair to utilize.

  d. There is no access to the beach for a disabled individual in a wheelchair because of stairs.

  e. The ramp that leads to the main restaurant lacks a handrail for a disabled individual in a wheelchair to utilize.

  f. The men's restroom has the following violations:

  - There are no grab bars for a disabled individual in a wheelchair to use.

  - The sink is inaccessible

  - The trash can impedes the clear floor space of the towel dispenser so that it is not accessible to a disabled individual in a wheelchair.

  - The flush control is located on the narrow side of the toilet so that a disabled individual in a wheelchair must reach across their own wastes in order to utilize such.

  - The paper towel dispenser is located out of reach to a disabled individual in a wheelchair.

  g. The other restroom has the following violations:

  - The stall door swings inwards and impedes the floor space of the stall so that a disabled individual in wheelchair is unable to utilize such.

  - The trash can blocks access to the changing table so that a disabled individual in a wheelchair it unable to utilize such.

  - The toilet paper dispenser is out of reach for a disabled individual in a wheelchair.

  - There are no grab bars for a disabled individual in a wheelchair to use.

14. Defendant failed to remove architectural barriers in existing facilities or offer services in alternative settings when it was readily achievable to do so. 28 C.F.R. § 36.304.

15. Defendant excluded or otherwise denied equal goods, services, facilities, privileges, advantages, accommodations or other opportunities to Plaintiff Marcus Ingram because of his disability, in violation of 42 U.S.C. § 12182(b)(1)(E).

16. Defendant's unlawful conduct and/or failures to act violated, and continue to violate, Plaintiff Marcus Ingram' federal statutory rights, under Title III of the ADA, to be free from discrimination on the basis of disability, "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182 *et seq.*

17. Accordingly, Plaintiff was harmed as a direct result of Defendant's actions, omissions, practices, policies, and procedures, described above, which violated the ADA.

18. The discriminatory violations described in paragraph 13 of this Complaint were personally encountered by Plaintiff. The Plaintiff has been denied the benefits of, services, programs and activities of the Defendant's building and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

## IV.
## COUNT TWO
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992

19.     Plaintiff realleges paragraphs one (1) through eighteen (18) of this Complaint and incorporates them here as if set forth in full

20.     The Defendant has discriminated against Plaintiff by denying him the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation because of a disability, as prohibited by Florida Civil Rights Act of 1992, Sect 760.01-760.11, Fla. Stat.

21.     Plaintiff has desired and attempted to enjoy the goods and services at Defendant's establishment. He has been prevented from doing so due to the existing architectural barriers at the property. As a result, Plaintiff has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for by Florida Civil Rights Act of 1992, Sect 760.01-760.11, Fla. at.

22.     As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

## V.
## INJUNCTIVE RELIEF

23.     Plaintiffs reallege paragraphs one (1) through twenty-two (22) of this Complaint and incorporates them here as if set forth in full.

24.     Plaintiff expects to visit Defendant's establishment in the future, thus there is a real threat of future injury if the Defendant's discriminatory policies, practices, and procedures do not immediately end.

25. As a result of Defendant's barriers, practices, policies, and procedures, Plaintiff has suffered, and will continue to suffer irreparable injury due to the Defendant's denial of his statutory rights. There are reasonable grounds to believe that Defendant will continue to engage in the acts and practices prohibited by the ADA. Consequently, injunctive relief is necessary to insure that Defendant complies with the law.

26. Unless injunctive relief is granted, Plaintiff will continue to suffer immediate and irreparable injury for which there is no adequate remedy at law.

27. In order to enforce his rights under the law, Plaintiff has had to retain counsel and thus is entitled to recover attorneys' fees, costs, and expenses.

28. Plaintiff Marcus Ingram has standing to sue for every barrier to access for the mobility-impaired that exist at Alvin's Stores, Inc. Plaintiff has standing to require that all barriers to access on the property for the mobility-impaired are corrected, not merely only those Plaintiff personally encountered.

29. Defendants' failure to remove the architectural barriers and discriminatory practices constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

30. It would be readily achievable for the Defendant to remove the architectural barriers and to cease their discriminatory practices.

31. The Defendant has discriminated against Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

32. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

33. Plaintiff Marcus Ingram has a realistic, credible, existing and continuing threat of discrimination from the Defendants non-compliance with the ADA with respect to the property. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendant.

34. Plaintiff is aware that it would be a futile gesture to take visit Defendant's property until it becomes compliant with the ADA.

35. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

36. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992.

37. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff; or by closing the property until such time as the Defendant cures its violations of the ADA.

38. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiffs respectfully requests that this Court:

  A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

    i. by failing to bring Sharky's restaurant into compliance with the Standards where it is readily achievable to do so; and

    ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

  B. Declare that Defendant has violated the Florida Civil Rights Act of 1992, Sect 760.01-760.11

    i. by failing to bring Sharky's restaurant into compliance with the Standards where it is readily achievable to do so; and

    ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

  C. Order Defendant:

    i. to make all readily achievable alterations to the establishment; or to make such establishment readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

    ii. to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

  E. Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  F. Award damages under the Florida Civil Rights Act of 1992.

    G.    Order such other appropriate relief as the interests of justice may require.

                      Respectfully Submitted,

                      By: /s/ Pete M. Monismith
                      Pete M. Monismith, Esq.
                      3945 Forbes Ave., #175
                      Pittsburgh, PA 15213
                      Ph: 724-610-1881
                      Fax: 412-258-1309
                      Pete@monismithlaw.com